AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN _____ **DISTRICT OF** NEW YORK

PETER SMITH

**SUMMONS IN A CIVIL CASE**



**V.**

CASE NUMBER:

FLIK INTERNATIONAL CORP.,
COMPASS GROUP USA, INC.
CREDIT SUISSE FIRST BOSTON LLC

TO: (Name and address of defendant)

Flik International Corp.
3 International Drive
Rye Brook, NY 10573

Credit Suisse First
Boston, LLC
11 Madison Avenue
New York, NY 10010

Compass Group USA, Inc.
3 International Drive
Rye Brook, NY 10573

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Meister Seelig & Fein LLP
140 East 45th Street, 19th Floor
New York, NY 10017

an answer to the complaint which is herewith served upon you, within ___twenty (20)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MAR 2 9 2005

J. MICHAEL McMAHON

CLERK

DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

_JUDGE KAPLAN_

SOUTHERN _____ DISTRICT OF  NEW YORK _____

PETER SMITH

### SUMMONS IN A CIVIL CASE

V.

CASE NUMBER: 05 CV 3320

FLIK INTERNATIONAL CORP.,
COMPASS GROUP USA, INC.
CREDIT SUISSE FIRST BOSTON LLC

TO: (Name and address of defendant)

Flik International Corp.          Credit Suisse First          Compass Group USA, Inc.
3 International Drive             Boston, LLC                  3 International Drive
Rye Brook, NY  10573             11 Madison Avenue            Rye Brook, NY  10573
                                 New York, NY  10010

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Meister Seelig & Fein LLP
140 East 45th Street, 19th Floor
New York, NY  10017

an answer to the complaint which is herewith served upon you, within ___twenty (20)___ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                        MAR 29 2005

_____                  _____
CLERK                                     DATE

_____
(BY) DEPUTY CLERK

AO 440  (Rev. 10/93)  Summons In a Civil Action -SDNY  WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐　Served personally upon the defendant.  Place where served: _____
_____

☐　Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

☐　Returned unexecuted: _____
_____
_____
_____

☐　Other *(specify):* _____
_____
_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

　　　　I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____　　_____
　　　　　　　　　　Date　　　　　　　　　　　　　　　　　　　　Signature of Server

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　Address of Server

(1)　　As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**ORIGINAL**

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

JUDGE KAPLAN

SOUTHERN _____ **DISTRICT OF** NEW YORK _____

PETER SMITH

**V.**

FLIK INTERNATIONAL CORP.,
COMPASS GROUP USA, INC.
CREDIT SUISSE FIRST BOSTON LLC

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**05 CV 3320**

TO: (Name and address of defendant)

Flik International Corp.
3 International Drive
Rye Brook, NY  10573

Credit Suisse First
Boston, LLC
11 Madison Avenue
New York, NY  10010

Compass Group USA, Inc.
3 International Drive
Rye Brook, NY  10573

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Meister Seelig & Fein LLP
140 East 45th Street, 19th Floor
New York, NY  10017

an answer to the complaint which is herewith served upon you, within ___twenty (20)___ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

_____
CLERK

_____
(BY) DEPUTY CLERK

MAR 29 2005

_____
DATE

AO 440  (Rev. 10/93)  Summons In a Civil Action -SDNY  WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served: _____
_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

☐  Returned unexecuted: _____
_____
_____
_____

☐  Other (specify): _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing
information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
Date                                                                           Signature of Server

_____
Address of Server

(1)      As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**05 cv 3320**

**JUDGE KAPLAN**

JS 44C/SDNY
REV. 12/2004

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| PETER SMITH | FLIK INTERNATIONAL CORP., COMPASS GROUP USA, INC., CREDIT SUISSE FIRST BOSTON LLC |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Meister Seelig & Fein LLP<br>140 East 45th Street, 19th Floor<br>New York, NY 10017 | N/A |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

Discrimination action pursuant to 29 U.S. C.A. § 2601 et al

RECEIVED
U.S.D.C. S.D.N.Y.
CASHIERS
MAR 2 8 2005

Has this or a similar case been previously filed in SDNY at any time?  No [X]  Yes [ ]   Judge Previously Assigned _____

If yes, was this case   Vol.[ ]  Invol.[ ]   Dismissed.  No [ ]  Yes [ ]   If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*       NATURE OF SUIT

## ACTIONS UNDER STATUTES

### TORTS

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**

[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**

[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 MIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**

[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

### ACTIONS UNDER STATUTES

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 246 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**

[ ] 441 VOTING
[X] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____  OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [X] YES  [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____  DOCKET NUMBER _____

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

| (PLACE AN *x* IN ONE BOX ONLY) | | ORIGIN | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment |

| (PLACE AN *x* IN ONE BOX ONLY) | BASIS OF JURISDICTION | | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441) |
|---|---|---|---|
| ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT | ☒ 3 FEDERAL QUESTION (U.S. NOT A PARTY) | ☐ 4 DIVERSITY | |

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1  [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3  [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5  [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2  [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4  [ ] 4 | FOREIGN NATION | [ ] 6  [ ] 6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

```
Peter Smith
17 Lowell Road
Port Washington, NY  11050
Suffolk
```

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

```
Flik International Corp.       Credit Suisse First      Compass Group USA, Inc.
3 International Drive          Boston, LLC              3 International Drive
Rye Brook, NY  10573          11 Madison Avenue        Rye Brook, NY 10573
Westchester                   New York, NY  10010      Westchester
```

**DEFENDANT(S) ADDRESS UNKNOWN**
     REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

| Check one: | THIS ACTION SHOULD BE ASSIGNED TO: (DO NOT check either box if this a PRISONER PETITION.) | ☐ WHITE PLAINS | ☒ FOLEY SQUARE |
|---|---|---|---|

| DATE 3/29/05 RECEIPT # | SIGNATURE OF ATTORNEY OF RECORD *Racquel Crespi Weintraub* | ADMITTED TO PRACTICE IN THIS DISTRICT [ ] NO [☒] YES (DATE ADMITTED Mo. _____ Yr. *1996* ) Attorney Bar Code # *RC-1614* |
|---|---|---|

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN _____ **DISTRICT OF** NEW YORK

PETER SMITH

**V.**

FLIK INTERNATIONAL CORP.,
COMPASS GROUP USA, INC.
CREDIT SUISSE FIRST BOSTON LLC

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

TO: (Name and address of defendant)

| | | |
|---|---|---|
| Flik International Corp.<br>3 International Drive<br>Rye Brook, NY 10573 | Credit Suisse First<br>Boston, LLC<br>11 Madison Avenue<br>New York, NY 10010 | Compass Group USA, Inc.<br>3 International Drive<br>Rye Brook, NY 10573 |

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Meister Seelig & Fein LLP
140 East 45th Street, 19th Floor
New York, NY 10017

an answer to the complaint which is herewith served upon you, within ___twenty (20)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
DATE

_____
(BY) DEPUTY CLERK

AO 440  (Rev. 10/93)  Summons In a Civil Action -SDNY  WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐    Served personally upon the defendant.  Place where served: _____
_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

☐    Returned unexecuted: _____
_____
_____
_____

☐    Other *(specify):* _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing
information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
               Date                                Signature of Server

                                              _____
                                              Address of Server

---

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Jeffrey A. Kimmel (JK-0584)
Racquel Crespi Weintraub (RW-1614)
MEISTER SEELIG & FEIN LLP
140 East 45th St., 19th Fl.
New York, NY 10017
(212) 655-3500
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

PETER SMITH,                                    Civ. Action No.

                 Plaintiff,

  -against-

                            **COMPLAINT WITH**
                            **JURY DEMAND**

FLIK INTERNATIONAL CORP., COMPASS GROUP
USA, INC., CREDIT SUISSE FIRST BOSTON, LLC,

                 Defendants.
-------------------------------------------------------------------X

Plaintiff, Peter Smith ("Plaintiff"), as and for his complaint, by his undersigned counsel,

alleges as follows:

## INTRODUCTION

    1.     This is an action to remedy violations of the rights of Plaintiff under the

Family Medical Leave Act, 29 U.S.C.A. §§ 2601 *et seq.* ("FMLA"), New York State

Human Rights Law, Exec. Law § 296 *et seq.* ("NYHRL"), and the New York City

Human Rights Law, Admin. Code § 8-107 *et seq.* ("NYCHRL"), by his former

employers Flik International Corp. ("Flik"), Compass Group USA (NAD) ("Compass")

and Credit Suisse First Boston, LLC ("CSFB") (Flik, Compass, and CSFB are sometimes

referred to herein collectively as "Defendants").

## PARTIES

2.      Plaintiff, Smith, is a male citizen of the United States and was an "employee" of Defendants within the meaning of 29 U.S.C.A § 2611(2) (A) at all times relevant to this action.  Defendants were employers within the meaning of 29 U.S.C.A. § 2611 (4) (A) at all times relevant to this action.

3.      Defendant Flik is a New York corporation doing business in the County, City and State of New York, with offices in Rye Brook, New York.

4.      Defendant Compass is a Delaware corporation doing business in the County, City and State of New York, with its principal offices located in Rye Brook, New York.

5.      Defendant CSFB is a Delaware limited liability company with its principal offices located in the County, City and State of New York.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action under 29 U.S.C.A. § 2617 and 28 U.S.C.A § 1331 and has pendant jurisdiction over the claims set forth herein arising out of New York state and local law.  Venue in this Court is proper pursuant to 28 U.S.C.A § 1391(b) because Defendants' offices are in this district and the events giving rise to this action all occurred in this district.

## PROCEDURAL REQUIREMENTS

7.      Prior to the commencement of this action, Plaintiff served a copy of this Complaint upon the New York City Commission on Human Rights and the Corporate Counsel of the City of New York in accordance with N.Y.C. Admin. Code § 8-502(C).

2

## FACTS

### Employment Background

8.      Plaintiff was hired by Defendant Flik on or about August 1999 as CSFB Conference and Catering Director.

9.      During the interview process, Plaintiff met with Arlett Jackson ("Jackson") at Flik and Jay Silverstein ("Silverstein"), Vice President of Food Service Operations for CSFB.

10.     As CSFB Conference and Catering Director, Smith was provided and utilized a CSFB e-mail address and telephone number.

11.     From August 1999 until the termination of his employment on March 31, 2003 (the "Employment Period"), Plaintiff performed his duties and responsibilities well and was commended for the quality of his performance.

12.     In fact during the Employment Period, Smith received three merit based increases in his base salary.

13.     In addition, during the Employment Period, Smith received three employment evaluations.  Each of those employment evaluations were positive.  As of the most recent evaluation in September 2002, Smith was advised by Jackson that he was being considered for a promotion.

14.     During the Employment Period, Jackson, of Flik, was Smith's direct supervisor.

15.     In addition to Jackson, Silverstein also supervised Smith. Silverstein frequently interacted with Smith and other Flik employees and exercised direct control

over their activities.  He was also involved in the decision making process concerning the hiring, promotion, discipline and termination of Flik personnel.

16.    Flik's personnel policies were also established and dictated by its parent company, Compass.

**The Emergency Medical Leave Request Pursuant to FMLA**

17.    On November 15, 2002, Smith's daughter Natalie was born.

18.    After the birth of his daughter, Jackson repeatedly voiced her opinion that taking care of children should be the responsibility of the mother, not the father.

19.    On several occasions when Smith sought time off from work, or was required to leave work early to take care of Natalie, Jackson told him that this should be his wife's responsibility, not his, and that Flik needed him to be at work.

20.    In contrast, when Smith's female colleagues, who were also supervised by Jackson and Silverstein, sought time off to care for their children, neither Jackson nor Silverstein protested and such time off was routinely granted without comment or criticism.

21.    On Friday, March 14, 2003, Smith received an alarming report in connection with the medical examination of Natalie. Smith notified Jackson early morning on Monday March 17, 2003 that he would not be able to come to work on that day because he would be accompanying his wife and Natalie to an emergency appointment with a medical specialist at Cornell Medical Center.

22.    On Monday, March 17, 2003, Smith learned that his four month old daughter would have to undergo emergency heart surgery, which was quickly scheduled for the following morning.

23.    Immediately after learning that his daughter would undergo emergency heart surgery the following morning, on the afternoon of March 17, 2003 Smith contacted Jackson and told her that due to the scheduled surgery he would not be able to return to work the following day.   Smith fully described to Jackson the nature of the medical emergency.

24.    After the surgery, Smith contacted Jackson and told her that the surgery seemed to have gone smoothly, but that he would need to take some time off to help take care of Natalie.

25.    On Thursday, March 20, 2003, Smith called Jackson from the intensive care unit at Cornell Medical Center.   During that call, Smith requested to take six weeks of FMLA leave to care for Natalie.

26.    In response to Smith's request for six weeks of leave, Jackson responded that his leave was approved and that she would advance the processing of his FMLA leave request.

27.    On March 24, 2003, Smith called Jackson to find out about the FMLA formalities. She told him that the paperwork would soon be sent out to him.

**Termination of Smith's Employment**

28.    On Monday, March 31, 2003, Jackson telephoned Smith with a Compass Human Resources employee on the phone.   Smith was told that Silverstein and Jackson had decided to terminate his employment effective immediately.

29.    Defendants did not offer Smith a transfer to another position within Flik, Compass or CSFB respectively.

30.     In contrast, a female colleague of Smith, Jacquie Baertschi ("Baertschi"), who held a position comparable to Smith's, was also notified that her position was to be eliminated, but was told that Defendants would attempt to place her in another position.

31.     In fact, Baertschi was ultimately placed in another position at Flik.

32.     Despite the fact that Smith's performance while employed by Defendants was at all times excellent, and that he was more qualified than Baertschi, Smith was not offered another position within Flik, while Baertschi, a female, was offered another position.

33.     Prior to his taking FMLA leave and the subsequent termination of his employment, Jackson had indicated to Smith in his September 2002 review that he was up for a promotion.

34.     Upon information and belief, Smith was not offered another position by Defendants because of the double standard applied to, and disparate treatment of, men as compared to women employed by Defendants.

35.     Upon information and belief, the decision to terminate Smith was based on gender bias and an intolerance of men in managerial positions taking leave for family care – a traditionally female role.

36.     Smith's employment was terminated in retaliation for his exercise of his rights under the FMLA.

37.     Upon information and belief, female employees of Defendants who took time off to care for their children were not subject to comment, criticism and retaliation at the hands of Defendants as a result of their need to care for their children.

38.    The aforementioned unlawful acts of Defendants were purposeful and willful.

### AS AND FOR A FIRST CAUSE OF ACTION
### (For violation of the FMLA)

39.    Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1-38 above as if fully set forth herein.

40.    As a proximate cause of Defendants' unlawful termination of Plaintiff's employment in retaliation for his exercise of his rights under the FMLA, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, promotional opportunities, deferred compensation and other employment benefits.

### AS AND FOR A SECOND CAUSE OF ACTION
### (For violation of the NYSHRL)

41.    Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1-38 above as if fully set forth herein.

42.    Defendants' disparate treatment of Plaintiff, including Defendants' termination of Plaintiff's employment on the basis of his gender, was in violation of the New York State Human Rights Law.

43.    Plaintiff has been unable, despite reasonable efforts, to find comparable employment.

44.    As a result of the foregoing, Plaintiff has been denied employment, has lost wages, benefits, promotion opportunities and bonuses, and therefore incurred damages.

## AS AND FOR A THIRD CAUSE OF ACTION
### (For violation of the NYCHRL)

45.     Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1-38 above as if fully set forth herein.

46.     Defendants' disparate treatment of Plaintiff, including but not limited to Defendants' termination of Plaintiff's employment on the basis of his gender, was a violation of the New York City Human Rights Law.

47.      As a proximate result of Defendants' unlawful conduct, Plaintiff has been denied continued employment, has lost wages, benefits, promotional opportunities and bonuses, and has thereby incurred damages.

48.     Plaintiff has been unable, despite reasonable efforts, to find comparable employment.

**WHEREFORE,** Plaintiff requests that this Court grant judgment to him containing the following relief:

1.     An order prohibiting Defendants from continuing or maintaining the policy, practice and/or custom of denying job benefits to employees on the basis of gender;

2.     Actual damages in an amount to be determined at trial, for loss of wages, benefits and promotional opportunities, including an award of front pay compensating Plaintiff for loss of future salary and benefits;

3.     An award of punitive damages in an amount to be determined at trial, but in any event not less than $5,000,000;

4.      An award to Plaintiff of the costs of this action, together with his reasonable attorneys' fees; and

5.      Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury of six persons for all claims stated herein.

Dated: New York, New York
       March 29, 2005

*Racquel Crespi Weintraub*

Jeffrey A. Kimmel (JK 0584)
Racquel Crespi Weintraub (RW 1614)
Meister Seelig & Fein LLP
140 East 45th Street, 19th Fl.
New York, New York 10017
(212) 655-3500

9

Jeffrey A. Kimmel (JK-0584)
Racquel Crespi Weintraub (RW-1614)
MEISTER SEELIG & FEIN LLP
140 East 45th St., 19th Fl.
New York, NY  10017
(212) 655-3500
*Attorneys for Plaintiff*

JUDGE KAPLAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

PETER SMITH,

                       Plaintiff,

    -against-

FLIK INTERNATIONAL CORP., COMPASS GROUP
USA, INC., CREDIT SUISSE FIRST BOSTON, LLC,

                       Defendants.
------------------------------------------------------------------X

05 CV 3320

Civ. Action No.

**COMPLAINT WITH
JURY DEMAND**

Plaintiff, Peter Smith ("Plaintiff"), as and for his complaint, by his undersigned counsel,

alleges as follows:

## INTRODUCTION

    1.    This is an action to remedy violations of the rights of Plaintiff under the

Family Medical Leave Act, 29 U.S.C.A. §§ 2601 *et seq.* ("FMLA"), New York State

Human Rights Law, Exec. Law § 296 *et seq.* ("NYHRL"), and the New York City

Human Rights Law, Admin. Code § 8-107 *et seq.* ("NYCHRL"), by his former

employers Flik International Corp. ("Flik"), Compass Group USA (NAD) ("Compass")

and Credit Suisse First Boston, LLC ("CSFB") (Flik, Compass, and CSFB are sometimes

referred to herein collectively as "Defendants").

1

## PARTIES

2.     Plaintiff, Smith, is a male citizen of the United States and was an "employee" of Defendants within the meaning of 29 U.S.C.A § 2611(2) (A) at all times relevant to this action. Defendants were employers within the meaning of 29 U.S.C.A. § 2611 (4) (A) at all times relevant to this action.

3.     Defendant Flik is a New York corporation doing business in the County, City and State of New York, with offices in Rye Brook, New York.

4.     Defendant Compass is a Delaware corporation doing business in the County, City and State of New York, with its principal offices located in Rye Brook, New York.

5.     Defendant CSFB is a Delaware limited liability company with its principal offices located in the County, City and State of New York.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action under 29 U.S.C.A. § 2617 and 28 U.S.C.A § 1331 and has pendant jurisdiction over the claims set forth herein arising out of New York state and local law. Venue in this Court is proper pursuant to 28 U.S.C.A § 1391(b) because Defendants' offices are in this district and the events giving rise to this action all occurred in this district.

## PROCEDURAL REQUIREMENTS

7.     Prior to the commencement of this action, Plaintiff served a copy of this Complaint upon the New York City Commission on Human Rights and the Corporate Counsel of the City of New York in accordance with N.Y.C. Admin. Code § 8-502(C).

## FACTS

### Employment Background

8.      Plaintiff was hired by Defendant Flik on or about August 1999 as CSFB Conference and Catering Director.

9.      During the interview process, Plaintiff met with Arlett Jackson ("Jackson") at Flik and Jay Silverstein ("Silverstein"), Vice President of Food Service Operations for CSFB.

10.      As CSFB Conference and Catering Director, Smith was provided and utilized a CSFB e-mail address and telephone number.

11.      From August 1999 until the termination of his employment on March 31, 2003 (the "Employment Period"), Plaintiff performed his duties and responsibilities well and was commended for the quality of his performance.

12.      In fact during the Employment Period, Smith received three merit based increases in his base salary.

13.      In addition, during the Employment Period, Smith received three employment evaluations.  Each of those employment evaluations were positive.  As of the most recent evaluation in September 2002, Smith was advised by Jackson that he was being considered for a promotion.

14.      During the Employment Period, Jackson, of Flik, was Smith's direct supervisor.

15.      In addition to Jackson, Silverstein also supervised Smith. Silverstein frequently interacted with Smith and other Flik employees and exercised direct control

over their activities. He was also involved in the decision making process concerning the hiring, promotion, discipline and termination of Flik personnel.

16.     Flik's personnel policies were also established and dictated by its parent company, Compass.

**The Emergency Medical Leave Request Pursuant to FMLA**

17.     On November 15, 2002, Smith's daughter Natalie was born.

18.     After the birth of his daughter, Jackson repeatedly voiced her opinion that taking care of children should be the responsibility of the mother, not the father.

19.     On several occasions when Smith sought time off from work, or was required to leave work early to take care of Natalie, Jackson told him that this should be his wife's responsibility, not his, and that Flik needed him to be at work.

20.     In contrast, when Smith's female colleagues, who were also supervised by Jackson and Silverstein, sought time off to care for their children, neither Jackson nor Silverstein protested and such time off was routinely granted without comment or criticism.

21.     On Friday, March 14, 2003, Smith received an alarming report in connection with the medical examination of Natalie. Smith notified Jackson early morning on Monday March 17, 2003 that he would not be able to come to work on that day because he would be accompanying his wife and Natalie to an emergency appointment with a medical specialist at Cornell Medical Center.

22.     On Monday, March 17, 2003, Smith learned that his four month old daughter would have to undergo emergency heart surgery, which was quickly scheduled for the following morning.

4

23.     Immediately after learning that his daughter would undergo emergency heart surgery the following morning, on the afternoon of March 17, 2003 Smith contacted Jackson and told her that due to the scheduled surgery he would not be able to return to work the following day.   Smith fully described to Jackson the nature of the medical emergency.

24.     After the surgery, Smith contacted Jackson and told her that the surgery seemed to have gone smoothly, but that he would need to take some time off to help take care of Natalie.

25.     On Thursday, March 20, 2003, Smith called Jackson from the intensive care unit at Cornell Medical Center.   During that call, Smith requested to take six weeks of FMLA leave to care for Natalie.

26.     In response to Smith's request for six weeks of leave, Jackson responded that his leave was approved and that she would advance the processing of his FMLA leave request.

27.     On March 24, 2003, Smith called Jackson to find out about the FMLA formalities. She told him that the paperwork would soon be sent out to him.

**Termination of Smith's Employment**

28.     On Monday, March 31, 2003, Jackson telephoned Smith with a Compass Human Resources employee on the phone.   Smith was told that Silverstein and Jackson had decided to terminate his employment effective immediately.

29.     Defendants did not offer Smith a transfer to another position within Flik, Compass or CSFB respectively.

30.     In contrast, a female colleague of Smith, Jacquie Baertschi ("Baertschi"), who held a position comparable to Smith's, was also notified that her position was to be eliminated, but was told that Defendants would attempt to place her in another position.

31.     In fact, Baertschi was ultimately placed in another position at Flik.

32.     Despite the fact that Smith's performance while employed by Defendants was at all times excellent, and that he was more qualified than Baertschi, Smith was not offered another position within Flik, while Baertschi, a female, was offered another position.

33.     Prior to his taking FMLA leave and the subsequent termination of his employment, Jackson had indicated to Smith in his September 2002 review that he was up for a promotion.

34.     Upon information and belief, Smith was not offered another position by Defendants because of the double standard applied to, and disparate treatment of, men as compared to women employed by Defendants.

35.     Upon information and belief, the decision to terminate Smith was based on gender bias and an intolerance of men in managerial positions taking leave for family care –a traditionally female role.

36.      Smith's employment was terminated in retaliation for his exercise of his rights under the FMLA.

37.     Upon information and belief, female employees of Defendants who took time off to care for their children were not subject to comment, criticism and retaliation at the hands of Defendants as a result of their need to care for their children.

38.    The aforementioned unlawful acts of Defendants were purposeful and willful.

## AS AND FOR A FIRST CAUSE OF ACTION
### (For violation of the FMLA)

39.    Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1-38 above as if fully set forth herein.

40.    As a proximate cause of Defendants' unlawful termination of Plaintiff's employment in retaliation for his exercise of his rights under the FMLA, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, promotional opportunities, deferred compensation and other employment benefits.

## AS AND FOR A SECOND CAUSE OF ACTION
### (For violation of the NYSHRL)

41.    Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1-38 above as if fully set forth herein.

42.    Defendants' disparate treatment of Plaintiff, including Defendants' termination of Plaintiff's employment on the basis of his gender, was in violation of the New York State Human Rights Law.

43.    Plaintiff has been unable, despite reasonable efforts, to find comparable employment.

44.    As a result of the foregoing, Plaintiff has been denied employment, has lost wages, benefits, promotion opportunities and bonuses, and therefore incurred damages.